ORIGINAL

FILED
DEC 3 1 2003
U.S. COURT OF FEDERAL CLAIMS

# UNITED STATES COURT OF FEDERAL CLAIMS
# WASHINGTON D.C.

| | | |
|---|---|---|
| TRACY C. KISSLER<br>Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-2878C |
| | ) | |
| United States Air Force,<br>Defendant | ) | |

## ORIGINAL COMPLAINT

Now comes Plaintiff, Tracy C. Kissler, by and through his attorney, Anthony Walluk, making his complaint as follows:

I.

JURISDICTION

This is an action for a monetary award being sought from the United States Air Force under 10 U.S.Code, Section 1442 et seq. The United States Court of Federal Claims has jurisdiction over this claim under the Tucker Act, 28 U.S.C. 1491 (a)(1) 1994 which grants this court jurisdiction over non-tortious claims founded on any act of Congress.

II.

Plaintiff is a resident of the State of Texas. Defendant is a federal agency within the meaning of this act with a location in this district where the agency records pertaining to plaintiff are situated. At all times mentioned in this complaint, plaintiff was employed by the United States Air Force at Falcon Air Force Base, Colorado Springs, Colorado and Brooks Air Force Base, San Antonio, Texas.

III.

Defendant, at the times mentioned, maintained and now maintains a program, initially identified as the Air Force Suggestion Program found in Air Force Regulation 900-4, by which the Air Force solicited suggestions from employees offering monetary awards for the suggestions based on their value to the Air Force. In 2000 the program was renamed "The Idea Program" and is currently found in Air Force Instruction AFI-38-401.

IV.

On August 20, 1990 Plaintiff submitted a suggestion in accordance with the above referenced program regarding the use of Global Positioning Satellites (GPS) for surveying military bases. The suggestion was identified in the Air Force system as Suggestion number FAL-900570A.

V.

Following several reviews of the suggestion the Air Force advised Plaintiff on or about July 22, 1998 that the suggestion was accepted and implemented by the Air Force and that the suggestion's value was $350, which amount was paid to Plaintiff . That review indicated that the suggestion had moderate benefit with broad extent of application. The suggestion was never forwarded to the Department of Defense for evaluation as was requested in the suggestion and as was required by regulation.

VI.

AFR 900-4, in effect at the time the suggestion was submitted, provided at paragraph 5-7 that requests for reconsideration of the evaluation and award could be requested without limitation of time if new evidence was discovered justifying a reevaluation.

VII.

In 1999 the Air Force assigned Plaintiff to a position in Yokota Japan where he served until 2002 as a community planner. In that position he became aware that the suggestion he made was in fact being used in numerous ways by the Air Force as well as other military departments. He hired an expert in the field of Environmental Management and GPS Technology to evaluate the current use of the system he suggested. That professional assessment revealed that the suggestion was of considerable benefit to both the Air Force and the Department of Defense and was much more valuable than the $350 award that the Air Force had adjudicated .

VIII.

On April 1, 2003 Plaintiff submitted a request for reconsideration of his suggestion, in accordance with AFR 900-4, paragraph 5-7 based on the professional assessment referenced in VII above. He once again requested that the suggestion be evaluated by the Department of Defense as was required by the regulation.

IX.

On April 25, 2003 the Air Force advised Plaintiff of their final decision on his suggestion, denying his request for reconsideration.

X.

Had the suggestion been properly evaluated and forwarded to the Department of Defense for implementation through out the Department of Defense, a significantly higher award would have been made to Plaintiff for the suggestion in that it was of more than moderate value.

XI.

Plaintiff has retained an attorney to bring and prosecute this action and has incurred and will incur future expenses for attorney's fees and litigation costs.

WHEREFORE, plaintiff prays judgment:

1. that plaintiff have and recover from defendant the sum of $724,265,255 as the actual value of the suggestion that was accepted and which has only been utilized by the Air Force.

2. that plaintiff be awarded reasonable attorney's fees and costs and other litigation expenses necessarily incurred by him in this action; and

3. that plaintiff be awarded such other and further relief as to the Court may seem proper.

Dated: December 29 2003.

Anthony Walluk
Attorney for Plaintiff
306 South Flores Street
San Antonio, Texas 78204
(210) 226-4384
(210)226-4526