IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRACY C. KISSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2878C |
| | ) | (Judge Block) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims, defendant respectfully requests that this Court dismiss the complaint upon the ground that the statute of limitations bars the relief sought. In support of this motion, we rely upon this brief, the complaint, and the attached appendix.[1/]

STATEMENT OF THE ISSUE

Whether this Court lacks jurisdiction to entertain the claims alleged in the complaint the because this action is barred by the six year statute of limitations contained in 28 U.S.C. § 2501.

STATEMENT OF THE CASE

I. Nature Of The Case

Mr. Kissler seeks $724,265,255.00 from the Air Force as an award for an idea he submitted to the Air Force in 1990. He

[1/] Mr. Kissler has the affirmative burden to establish the Court's jurisdiction, and the Court may consider extrinsic evidence in ruling upon our motion to dismiss. Cedars-Sinai Medical Center v. Watkins, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993), cert. denied, 114 S.Ct. 2738 (1994).

seeks to invoke this Court's jurisdiction pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1), and 10 U.S.C. § 1442 et seq.[2/]

II. Statement Of Facts

Tracy Kissler was an Air Force employee at Falcon Air Force Base in Colorado Springs, Colorado, in August of 1990. Compl. at 1. He submitted an idea to use global positioning satellites ("GPS") to survey military bases pursuant to the Air Force Suggestion Program. Compl. at 2. Mr. Kissler suggested that the United States Government could save millions of dollars each year by employing his idea. App. at 1.[3/]

Promulgated pursuant to 10 U.S.C. § 1124, the Suggestion Program was a voluntary program providing for the evaluation of suggestions that could improve Government productivity and services. App. 2. The Air Force Suggestion Program in effect in 1990 was defined as a program that "recognizes and rewards individuals whose suggestions, inventions, patents, and scientific achievements improve the efficiency, economy, and effectiveness of Air Force, Department of Defense . . . , and federal government operations." App. 2. Any "Air Force Military

---

[2/] The statute upon which Mr. Kissler relies, 10 U.S.C. § 1442, has nothing to do with a claim for an additional award. Instead, it authorizes the Secretary of the Air Force to seek recovery of an erroneously paid annuity.

[3/] "App.___" refers to the appendix attached to this motion to dismiss in three separate PDF files named Appendix 1, Appendix 2, and Appendix 3.

or civilian personnel," and certain other Air Force-affiliated personnel, were permitted to submit suggestions for consideration. App. 2.

Following submission of an idea, "Air Force management [was] committed to accept an eligible, valid suggestion, and management must give the suggestion proper consideration by a timely, complete, and fair evaluation. . . . After adequate consideration and if the suggestion is adopted and put to use, the suggester is considered for recognition for the implemented ideas. The Suggester understands the Air Force has the right to not adopt an idea after appropriate evaluation in which management's evaluator should fully explain reasons for disapproval." App. 3.

If an idea was approved and implemented, and if the improvement caused a benefit of more than $250, and fell outside of the suggester's normal job responsibilities or was of a significant and tangible benefit valued at or above five years of the suggester's salary, the suggester was eligible to receive an award. App. 3. By statute, acceptance of an award constitutes "an agreement by the [suggester] that the use by the United States of an idea . . . may not be the basis of a claim against the United States." 10 U.S.C. § 1124(d)(1989). Moreover, awards were limited to $25,000. Id. at section (f).

If the suggester believed that the award was inadequate, the suggester was permitted to seek reconsideration. App. 3 ("A

suggester may ask for reexamination of the amount of an award.")(emphasis supplied). Such a request was required to be submitted "within 60 days from the date of official notification of the approval or disapproval of an award."
App. 3.

Although GPS mapping had likely been used by the Air Force prior to Mr. Kissler's 1990 suggestion, App. 5, the Air Force awarded Mr. Kissler $350 for his idea on September 28, 1995.[4/] It concluded that the award was appropriate because the GPS mapping approach reflected an "optional," rather than mandatory, and therefore "intangible" means of mapping available to the bases that performed mapping. App. 8, 34, 38.

Upon several occasions after the September, 1995, award for his suggestion, Mr. Kissler sought reconsideration of the Air Force's decision. The Air Force responded each time, denying the requests. Mr. Kissler filed his first request for reconsideration on March 20, 1996, claiming that his idea was incorrectly evaluated. App. 10. On June 26, 1997, his request was denied. App. 29. Mr. Kissler then contacted Congressman Lamar Smith and asked that he "influence the Air Force to properly evaluate this 1990 suggestion." App. 31. Unsatisfied

[4/] The Air Force no longer possesses a record of the actual amount of the award made in September of 1995. However, a letter to Congressman Lamar Smith from Lt. Col. Patricia Fornes, attached to one of Mr. Kissler's many requests for reconsideration, references the September 28, 1995 decision to award $350.00. App. 38.

with the response, App. 32, 33, Mr. Kissler sought further aid from Congressman Smith in November, 1997. App. 34. The Air Force responded to another inquiry from Congressman Smith's office on January 14, 1998, stating that "a thorough review of the file confirmed that his suggestion has been investigated at several levels throughout the Air Force and the initial award decision . . . was the correct one." App. 38. Unsatisfied, Mr. Kissler sought further aid from Congressman Smith's office on March 6, 1998, App. 40, and sought reconsideration from the Acting Secretary of the Air Force on April 17, 1998. App. 41. On May 31, 1998, Mr. Kissler was advised that his suggestion would, once again, receive reevaluation. App. 43. On July 22, 1998, Mr. Kissler was advised by the Air Force that, after a thorough reevaluation, his request was being denied. App. 44. On April 1, 2003, Mr. Kissler sought to reopen the evaluation of his suggestion, claiming that the Air Force was now widely using his idea. App. 46. That request was denied on April 25, 2003, where Mr. Kissler was advised that, "based upon our evaluation and the extensive reviews already conducted concerning your suggestion, we are officially closing your suggestion." App. 48.

This lawsuit followed.

## ARGUMENT

### I. The Statute Of Limitations Bars Mr. Kissler's Complaint Because The Complaint Was Filed With This Court More Than Six Years After Mr. Kissler's Claim Accrued.

As we establish above, it is undisputed that Mr. Kissler was granted a $350 award on September 28, 1995, and that he filed his complaint with this Court on December 31, 2003. Thus, Mr. Kissler's complaint was filed more than eight years after he was granted the award over which he now sues. Accordingly, as we demonstrate below, Mr. Kissler's complaint is barred by the applicable statute of limitations.

A. Tucker Act Claims Must Be Filed Within Six Years

The jurisdiction of the Court to entertain claims and to grant relief depends upon the extent to which the United States has waived sovereign immunity. United States v. Sherwood, 312 U.S. 584, 586. Indeed, the United States Supreme Court has emphatically affirmed that courts cannot vary the terms of Congress' waiver of the sovereign immunity when it held that "[i]t goes without saying that statutes of limitations often make it impossible to enforce what were otherwise perfectly valid claims. But that is their very purpose, and they remain as ubiquitous as the statutory rights or other rights to which they are attached or are applicable." United States v. Kubrick, 444 U.S. 111, 125 (1979).

Section 2501, Title 28, United States Code, bar actions commenced more than six years "after the right of action first accrues." A claim accrues "'when the plaintiff has a legal right to maintain his or her action.'" Mudge v. United States, 59 Fed. Cl. 527, 536 (2004). Thus, "'first accrual' has usually been

put, in broad formulation, as the time when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue for his money." Id. A plaintiff need not know the extent of his injuries for a claim to accrue; instead, accrual occurs when a "plaintiff is on [notice] that it has a potential claim." Barney v. United States, 57 Fed. Cl. 76 (2003).

Notably, a resort to a "permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, Id., nor does the doctrine of equitable tolling apply to 28 U.S.C. § 2501. See, e.g., Holloway v. United States, 2004 WL 741293, n. 12, (Fed. Cl. April 6, 2004).

B. Mr. Kissler's Claim Was Not Filed Within Six Years

When Mr. Kissler submitted his idea on August 20, 1990, he stated that it would save the Federal Government "millions of dollars annually." He was awarded $350 for that idea on September 28, 1995. At that point, he was armed with knowledge of all events that had occurred to fix the Government's alleged liability, and was on notice of his potential claim. Namely, he was made aware on September 28, 1995, that the Government awarded him $350 for his idea that could supposedly save the Government millions of dollars annually. Thus, at the latest, the statute of limitations began accruing on September 28, 1995, over eight years before he filed his complaint.

Indeed, as is demonstrated by Mr. Kissler's repeated requests for reconsideration dating to 1996, Mr. Kissler believed he possessed a claim and pressed that claim shortly after the 1995 award. Because Mr. Kissler filed his case more than six years after it accrued, the claim is barred.

Mr. Kissler suggests in his complaint that he became aware of "new evidence" that somehow protects his claim from the six year bar. Compl. at 3. The supposed new evidence was allegedly discovered because Mr. Kissler observed broad GPS use while stationed in Japan. This allegation does not protect Mr. Kissler's claim from the six year bar because the "new evidence" allegation goes to the extent of his injury, not the fact of the injury.

Mr. Kissler became aware of the fact of his alleged injury in September of 1995 when he was awarded $350 for an idea that he valued at millions of dollars annually. That was the date when he possessed a "legal right to maintain his . . . action." Mudge, 59 Fed. Cl. at 536. As this Court has noted, "[t]he extent of his injuries is an issue for damages, not for the onset of the running of the statute of limitations. . . . 'If a plaintiff were entitled to have all the time he needed to be certain his rights had been violated, the statute of limitations would never run - for even after judgment, there is not certainty.'" Brice v. Secretary of the Department of Health and Human Services, 1996 WL 718287 (Fed. Cl. Nov. 26, 1996). Thus,

the test for the accrual of a right upon which to sue is not how much the claim is allegedly worth – as Mr. Kissler seems to think his "new evidence" demonstrates – but whether "plaintiff is on [notice] that it has a potential claim." Barney v. United States, 57 Fed. Cl. 76 (2003). We know that Mr. Kissler possessed actual notice of his potential claim because he began to dispute the award decision in March of 1996 through administrative means. App. 10.

Finally, Mr. Kissler's resort to discretionary administrative reconsideration procedures did not delay accrual for statute of limitations purposes. The Air Force evaluation program permitted requests for reconsideration within sixty days, but did not require that they be made. App. 3 ("a suggester may ask for a reexamination"). Accordingly, the limitations period is not avoided by Mr. Kissler's repeated engagement of this voluntary administrative process. Mudge v. United States, 59 Fed. Cl. 527, 536 (2004).[5/]

In this Court, the statute of limitations is a jurisdictional barrier. Soriano v. United States, 352 U.S. 270 (1957). This bar applies to all civil actions, whether legal, equitable, or mixed. Kendall v. Army Board for Correction of Military Records,

---

[5/] We note that Mr. Kissler failed to submit a timely request for reconsideration. Regulation required Mr. Kissler to request reconsideration within sixty days of award, App. 3, or by November 28, 1995. He failed to seek reconsideration until March 20, 1996. App. 10. Thus, even if this voluntary administrative remedy could have delayed accrual of Mr. Kissler's claim, which it did not, he did not timely invoke the administrative process.

996 F.2d 362 (D.C. Cir. 1993). Accordingly, this Court is barred, by the statute of limitations, from entertaining Mr. Kissler's complaint.

## CONCLUSION

For the reasons established above, we respectfully request that the Court grant defendant's motion and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Todd M. Hughes
TODD M. HUGHES
Assistant Director

/s Matthew P. Reed
MATTHEW P. REED
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street
Washington, D.C. 20530
Telephone: (202) 307-6289

April 14, 2004

Attorneys for Defendant

APPENDIX

TABLE OF CONTENTS FOR APPENDIX

Excerpts From AF Regulation 900-4 . . . . . . . . . . . . . . . . . . 1

Mr. Kissler's August 20, 1990 suggestion. . . . . . . . . . . . . . 4

Air Force Suggestion Evaluation Form, February 25, 1993 . . . . 5

Review Memorandum of September 21, 1995 . . . . . . . . . . . . . 6

Suggestion Evaluation and Transmittal, September 28, 1995 . . . 8

Request for Reconsideration, March 31, 1996 . . . . . . . . . . .10

Denial of Reconsideration, June 26, 1997. . . . . . . . . . . . .29

Kissler Letter to Representative Smith, August 27, 1997 . . . .31

Air Force Response to Rep. Smith, October 20, 1997. . . . . . . .32

Rep. Smith Response to Kissler, October 24, 1997. . . . . . . . .33

Kissler Letter to Representative Smith, November 13, 1997 . . .34

Rep. Smith Response to Kissler, November 17, 1997 . . . . . . . .37

Air Force Response to Rep. Smith, January 20, 1998. . . . . . . .38

Rep. Smith Response to Kissler, January 21, 1998. . . . . . . . .39

Kissler Letter to Representative Smith, March 6, 1998 . . . . .40

Kissler Letter to Acting Secretary Peters, April 17, 1998 . . .41

Air Force Response to Kissler, May 31, 1998 . . . . . . . . . . .43

Air Force Response to Kissler, July 22, 1998 . . . . . . . . . . 44

Kissler Letter to Air Force, April 1, 2003 . . . . . . . . . . . 46

Air Force Response to Kissler, April 25, 2003 . . . . . . . . . .48