# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TRACY C. KISSLER
Plaintiff

v. No. 03-2878C

United States Air Force, (Judge Block)
Defendant

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS

Now comes Tracy C. Kissler, Plaintiff and makes this Response to the Defendant's Motion to Dismiss the complaint.

### STATEMENT OF THE ISSUE

Plaintiff agrees that the issue to be considered in this motion is whether this action is barred by the statute of limitations established in 28 U.S. Code, Section 2501. Plaintiff contends that the action is not barred.

### STATEMENT OF THE CASE

Plaintiff agrees with Defendant's statement of the Nature of the Case. Plaintiff agrees with Defendant's Statement as it pertains to facts. Plaintiff does not agree with the opinion stated in the second paragraph on page 4 of the brief to wit: that Global Positioning Satellite (GPS) mapping had likely been used by the Air Force prior to the suggestion being made.

### ARGUMENT

Defendant argues that the statute of limitations in this case began to run in September 1995. Plaintiff disagrees with this theory and asserts that the statute of limitations began at the earliest in July 1998 when his suggestion was denied by Brigadier

General Lawrence F. Sheehan, Acting Deputy Civil Engineer of the United States Air Force (Def App 44). Plaintiff's Declaration in support of this response is at Plaintiff's Appendix 1)

FINAL AGENCY ACTION

This suggestion initially proposed that GPS surveying could have Department of Defense wide application. This clearly implied use by more than local military base officials, rather it proposed use by Headquarters Air Force as well as all Department of Defense branches. Prior to the July 22, 1998 denial letter referenced above, all considerations of the suggestion were made by lower level management officials. See for example the previous denial of reconsideration dated June 26, 1997 at Def App 29 decided at Falcon AFB Colorado, the location at which the suggestion was initially submitted. Considering the Plaintiff's Declaration at Plaintiff's Appendix 1, his receipt of this document was the point at which he reasonably believed that his suggestion had properly and finally been considered and finalized by an appropriate level, although the Air Force still failed to forward the suggestion for DOD consideration.

The Court of Federal Claims has accepted jurisdiction over federal government suggestion program claims, considering such claims as implied contracts. *See Griffin v. United States*, 215 Ct. Cl. 710 (1978). "The determination whether or not to make an award rests with the head of the agency, as does the amount to be paid", *Rosano v. United States*, 9 Cl. Ct. 137,144 (1985), citing 5 U.S.C. § 4502. Air Force Regulation 900-4, paragraph 1-5 ( Plaintiff's Appendix 15) provides that the Secretary of the Air Force delegated the agency responsibility for this program to the Deputy Chief of Staff (DCS), Programs and Resources. Thus the 1998 final decision by a Headquarters Air Force official was the date of "first accrual", the time when all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money", *Mudge v. U.S*, 59 Fed. Cl. 527,536 (2004). Arguably, since the suggestion

has never been considered at DOD level, the suggestion has still not been properly evaluated, even though Plaintiff considered it finalized in July 1998.

It must be noted here that the suggestion itself was for the use of GPS systems for surveying installations (Plaintiff's Appendix 5). It was not a suggestion to use a specific contract provision as the July 1998 denial letter seemed to assume. It appeared to Plaintiff that after eight years of evaluation, the Air Force really didn't understand what his suggestion entailed. However, following the 1998 denial letter, Plaintiff was transferred overseas to Yokota Air Base Japan and he was unable to further pursue his suggestion with the Air Force.

At Yokota AB, Plaintiff assumed the position of Chief of Base Development. These duties exposed him to the fact that the GPS surveying that he had suggested was in fact being used by the Air Force, had been used at Yokota recently, and in fact had significant tangible uses and cost savings (His previous position was as a community planner and in that previous position he had no actual knowledge of or training in engineering or surveying and had not seen the surveying issue first hand). This personal observation was in stark contrast to the assurances he had received in the July 1998 denial letter. He determined to further investigate the usage of GPS surveying and sought an expert in the field who could assess the issue and provide a report.

Upon his return from Japan, Plaintiff received the report at Plaintiff's Appendix 7 and determined to pursue his suggestion. Through personal research on the Internet he discovered for the first time that suit could be maintained for inappropriate awards on suggestions. After making one final futile attempt to convince the Air force they had overlooked uses which had already been implemented, he obtained counsel and initiated this action.

EQUITABLE TOLLING

Plaintiff contends that in fact his statute of limitations did not begin to run until he discovered the truth of the extent of the Air Force use of GPS while he was in Japan in 2000. The Air Force had continued to hold that there was no tangible value of his suggestion. The report he received on actual usage, as well as his own personal observations, established that the information relied on by the Air Force for their rationale was inaccurate and incorrect. Prior to this time Plaintiff had no means of verifying the actual usage by the Air Force. The doctrine of equitable tolling is applied by courts when Plaintiff "missed the filing date due to the government's concealment of the facts", *Barney v. U.S.*, 57 Fed. Cl. 76, 87 (2003), citing *Irvin v. Dep't of Veteran's Affairs*, 498 US. 89, 96 (1990). "Therefore, to toll a statute of limitations, a claimant either must show that the defendant has concealed it's acts with the result that the plaintiff was unaware of their existence or that the injury was inherently unknowable", *Barney id.*

"The running of the statute of limitations is measured form the time of first accrual in all cases save those where the events that occasion a redressable injury could not have been uncovered in the exercise of due diligence", *Mitchell v. U.S.*, 13 Cl. Ct. 474, 477 (1987). Moreover, the law assumes that "the means of knowledge are the same thing in effect as knowledge itself", *Mitchell, id* at 477, citing *Wood v. Carpenter*, 101 U.S. 135,143 (1949). It was impossible for Plaintiff to know of the uses the Air Force had made of the suggestion prior to his personal observations.

Plaintiff was denied the truth about the actual usage by the Air Force of GPS surveying when his suggestion was finally denied in 1998 and he had no personal knowledge that the Air Force stated basis for denying his request incorrect and inaccurate. He further had no personal knowledge of the actual value of his suggestion at that time. His awareness of the extent of actual use of GPS did not arise until he went to Japan. He then set out on a reasonable effort to verify the facts as they had existed when the 1998

letter was issued. The report he received showed him for the first time that the facts related to him by the Air Force were incorrect and misleading.

The statute of limitations issue raised in this motion is not a matter of law, "The time of accrual of a cause of action is a question of fact", *Mudge id* at 536. The circumstances of the way this suggestion was processed, particularly the failure of the Air force to reasonably obtain, apply and/or reveal information regarding GPS usage, created a situation in which all events that Plaintiff could rely on for filing suit did not occur until July 1998 as a minimum, or more arguably in 2000 when he witnessed the tangible application of his suggestion. It was only then that he was aware of the injury caused to him by their incorrect or inaccurate assertions.

Neither the suggestion program enabling statute 5 U.S. Code § 4501-23, nor the Air Force regulation regarding suggestions, AFR 900-4, advised persons submitting suggestions that they could pursue their claims in federal court (Plaintiff 's Appendix 14). None of the letters from the Air Force to Plaintiff advised him of his further rights. In most instances where statutes give rise to administrative claims, the individual is clearly advised of his right to take the matter to federal court in the notice of final action by the agency (EEOC, MSPB, FTCA). The fact that a suggestion can be pursued in federal court arises only as a result of previous decisions by the courts. This is not a matter that reasonably would be within the knowledge of the typical person submitting a suggestion. Plaintiff made reasonable efforts at filing suit once the facts of his case were known and he became aware that a law suit could be initiated.

Factually, a reasonable person would not be expected to file a federal law suit until the degree of his injury is reasonably knowable. Had the final agency action occurred after plaintiff had personally became aware of the actual use of GPS by the Air Force and the incredible amount of money its use saves, he certainly would have been remiss in waiting too long to file. However, the law does not require every potential plaintiff to file suit immediately on being denied a benefit regardless of the value of the

benefit. If in fact the value to the Air Force of GPS was minimal, as they maintained to Plaintiff, and he brought suit simply on an assumption that his suggestion was worth more, without a reasonable basis for his suit, he would be charged with filing a specious suit and chastised for clogging the court system with worthless suits. A reasonable person would not proceed without actual knowledge, rather than mere opinion, that there was some value to a suit. Once this knowledge was available to Plaintiff, he took appropriate action, and the suit was filed timely.

CONCLUSION

The cause of action arose, at the earliest, on July 22, 1998 when the final Air Force action was taken. The suit was filed within the applicable limitation period.

Respectfully Submitted,

/s Anthony W. Walluk
Anthony W. Walluk
Attorney for Plaintiff
306 South Flores Street
San Antonio, Texas 78204
(210) 226-4384
(210) 226-4526

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I caused a copy of this motion to be sent to opposing counsel Matthew P. Reed, the attorney of record for the Defendant by the court's ECF system, at the same time it was filed with the Court.

/s Anthony W. Walluk
Anthony W. Walluk

TABLE OF CONTENTS FOR PLAINTIFF'S APPENDIX

Plaintiff's Declaration........................................................................1

Plaintiff Original Suggestion..................................................................4

Ms. Carlson's GPS Report....................................................................6

Extracts from AF Regulation 900-4....................................................12