# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

TRACY C. KISSLER
Plaintiff

v. No. 03-2878C

United States Air Force, (Judge Block)
Defendant

## PLAINTIFF'S DECLARATION

I am Tracy C. Kissler the Plaintiff in this case. I am making this declaration in support of my response to the Motion to Dismiss my Complaint.

When I initially submitted my suggestion in 1990 at Falcon AFB, the use of GPS was relatively unknown. I was not a surveyor or an engineer; however as a Community Planner it seemed to me that the concept of GPS could have a wider range of uses and a positive impact on the Air Force and the Department of Defense (DOD) as a whole. I therefore submitted my suggestion with no concept of what monetary value the idea might have, proposing it for Air Force and DOD use.

It took the Air Force five years to act on my suggestion which typically should take six months, and eight years total to come to a final determination. During that time period, general knowledge of GPS functions and value increased tremendously. Therefore, when I finally received an award of $350, I questioned whether that was a fair evaluation.
At that time I had no concept of whether the Air Force or DOD actual had implemented use of the idea, or how much the idea would actually save. I merely believed that the suggestion should be reevaluated in light of the expanding use of GPS in the world. Furthermore, the fact the evaluators did not look into other application as the regulation dictates and that the

suggestion was not elevated to the DOD level prompted my continuing requests for reevaluation. I was not asking for a specific amount of money for the suggestion, I made a general request for the idea to be reconsidered.

In 1998 it was clear there would be no further award from the Air Force or the Department of Defense because the evaluators refused to look at other applications other than surveying for long range planning, let alone elevate it to the recommended level. I believed then that there was nothing else I could do, I had no alternative but to accept the Air Force conclusion that the suggestion had no tangible benefits. I then became immersed in the activity of being moved overseas by the Air force and I did not have time to be further concerned about the Air force final decision.

I was not advised in the final action from the Air Force that I could bring an action in federal court for a different award. Furthermore, the regulation did not provide any such notice. It was not until June 1999, when I was stationed overseas that I became aware that suggestions could be the basis for lawsuits. At that time I was working for the Air Force, residing in Japan on government orders. There were no attorney's available there that could assist me.

Also while I was residing in Japan I was in the position of Chief of Base Development and while serving in that function I became aware of the extensive use of GPS for other than surveying applications and long range planning. It was no longer merely a concept as the Air Force had maintained. I became aware that in fact we could use GPS to pin point exact locations of Airfield Obstructions and also use the methodology to track vehicles. This again peaked my curiosity as to why I was only awarded $350 with all these other applications out there that the evaluators failed to consider.

I still had no concept of the actual cash value of my suggestion. Living in Japan made it difficult to research the matter so I hired a private consultant to investigate the actual value of the suggestion I had made. Her report dated 11 March 2003 (Plaintiff's Appendix 7) cited numerous actual uses of the idea up to and above the applications I had found, before and after

1998, that I had no way of knowing. She cited specific uses the Air Force had made of the GPS survey suggestion as well as the actual multimillion-dollar savings the Air Force had experienced. It was then clear at that time the actual value of the suggestion was considerably higher that the $350 granted me 1998. While searching for a consultant to conduct the investigation I was told by one of the individuals that I contacted that the Air Force had recently paid another individual for the very same suggestion.

When I returned to the United States from Japan I sought a reconsideration of my suggestion based on this new evidence that did not exist when my earlier requests for reconsideration were made. Air Force Regulation 900-4 provided at paragraph 5-7 "A reconsideration may be requested by a suggester when he or she can provide sufficient justification to change the original evaluation." There was no time limit in the regulation as to when the justification had to be found. This economic impact data simply did not exist earlier and could not have been relied on by me in my arguments to the Air Force regarding my suggestion. If it was available to the Air Force in it's evaluations of the suggestion it was not revealed to me nor discussed in their evaluations. Even though I provided this specific information to them, the Air Force evaluators continued to deny there was any tangible value. My request was denied and the Air Force officially closed the case on 25 April 2003. I felt that I had been mislead throughout the entire process due to all the Air Force's delays and their failure to consider the actual uses of GPS that were occurring during the lengthy evaluation process. I believe that the Air force either failed to research the other applications that then existed as was required by the regulation, or they intentionally kept that information from me. It appeared that they still, after all these years, unreasonably refused to obtain DOD review of the suggestion, as was their duty. Their ignoring empirical evidence of the valuable money saving uses already in existence further indicated that they were merely continuing their deception. Therefore, I decided to obtain council and initiated this action.

I had no reasonable knowledge of my right to pursue this case until May of 2003 and I had no actual knowledge of the value that had accrued to my suggestion until I received the consultant's report two months earlier.

Pursuant to 28 U.S. Code, Section 1746, I declare under penalty of perjury that the foregoing is true and correct based on information and belief.

Date: June 28, 2004

/S TRACY C. KISSLER

TRACY C. KISSLER