UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TRACY KISSLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2878C |
| | ) | Judge Block |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION TO DISMISS

In our opening motion, we established that plaintiff's claims are barred by 28 U.S.C. § 2501 because he did not file his complaint within six years of September 28, 1995, the date the Department of the Air Force granted him the monetary award that he is challenging in this Court. Moreover, we demonstrated that plaintiff's pursuit of discretionary administrative procedures and his alleged delayed knowledge of facts that he believes support his claims are insufficient to toll the statute of limitations in this case.

In his response to our motion, plaintiff argues that his claim did not accrue until July 22, 1998, when his request for reconsideration of his monetary award was denied by Brigadier General Lawrence F. Sheehan, an official from Air Force headquarters. Moreover, plaintiff asserts that the statute of limitations should be equitably tolled in this case because the Air Force did not provide him with accurate information concerning matters relevant to the proper evaluation of his claims and he did not have access to this information until after 1998.

Finally, plaintiff asserts that initially he was not aware of his right to challenge the Air Force's award in this Court. He notes that he made reasonable efforts at filing suit once the facts of his case were known and he became aware that a lawsuit could be initiated. However,

plaintiff's arguments are without merit.

I. Plaintiff's Claim Accrued In 1995 When He Was Granted An Award For His Suggestion

Plaintiff contends that he could not challenge his monetary award in 1995 because, at that time, his suggestion had only been evaluated at the local level. He asserts that the Air Force's decision did not become final and subject to challenge until 1998 when his request for reconsideration of his award was denied by a Headquarters Air Force official. Pl. Br. 1-2.[1]

First, plaintiff's claim that his suggestion was not evaluated by Air Force headquarters until 1998 is not factually correct. The September 28, 1995 evaluation that resulted in his award was signed by R. Mikeual Perritt, Acting Director, Air Force Design Group. The cluster of initials that follows Mr. Perritt's title begins with the letters "HQ," clearly indicating that he is an official from an Air Force headquarters unit.

Moreover, plaintiff's claim that a decision had to be made by an official at Air Force headquarters before his claim accrued is not supported by the regulations governing Air Force suggestion program. Pursuant to these regulations, authority to grant a monetary award in amounts lower than $8,000 has been delegated to at least the installation level. Def. Supp. App. 1. Moreover, installation commanders are authorized pursuant to the same regulation to further delegate this authority to members of his or her immediate staff. Id. Alternatively, for awards less than $500, the commander may authorize the suggestion program manager to be the approving authority.

[1] "Pl. Br. __" is a citation to plaintiff's response to our motion to dismiss. "Def. App. __" is a citation to the appendix attached to our initial motion to dismiss. "Def. Supp. App. __" is a citation to the appendix attached to this reply brief.

Here, plaintiff's award was for $350 and authorization for approval could be delegated to the lowest levels of the suggestion program. Clearly, there was no requirement that a decision regarding plaintiff's suggestion emanate from Air Force headquarters. Plaintiff's claim that he could not file suit in this Court until such time as he obtained a decision from headquarters is without merit.

II. There Are No Grounds Upon Which To Equitably Toll The Statute of Limitations

Plaintiff next asserts that the statute of limitations should be equitably tolled in this case. Pl. Br. 4. He argues that it was not until he went to Japan, in 2000, that he was able to ascertain that the Global Positioning System (GPS) surveying he had suggested as a method for performing base mapping was, in fact, being used at the Yokata Air Force Base. Id. Claiming that evidence of this use of his suggestion is contrary to information previously supplied to him by the Air Force, he concludes that the Air Force's failure to "reasonably obtain, apply and/or reveal information regarding GPS usage, created a situation in which all events that plaintiff could rely on for filing suit did not occur until . . . he witnessed the tangible application of his suggestion. It was only then that he was aware of the injury caused to him by their incorrect or inaccurate assertions." Pl. Br. 5.

In our opening brief, we noted that the jurisdiction of this Court to entertain claims depends upon the extent to which the United States has waived sovereign immunity. The Court's six-year statute of limitations has been held to constitute a "condition" upon the sovereign's consent to suit. Soriano v. United States, 352 U.S. 270, 276 (1957); accord Insurance Company of North America v. United States, 128 Ct. Cl. 757, 761, 121 F. Supp. 649, 651, cert. denied, 348 U.S. 863 (1954). Therefore, failure to comply with the statute of limitations places the claim

beyond the Court's power to consider it. United States v. Mottaz, 476 U.S. 834, 841 (1986); Soriano, 352 U.S. at 273; Caguas Central Federal Savings Bank v. United States, 215 F.3d 1304, 1310 (Fed. Cir. 2000), cert. denied, 531 U.S. 1070 (2001); Alder Terrace, 161 F.3d 1372, 1377 (Fed. Cir. 1998); Hart v. United States, 910 F.2d 815, 817-19 (Fed. Cir. 1990). Because the statute of limitations is jurisdictional, it cannot be waived or equitably tolled. Hohri v. United States, 586 F. Supp. 769, 786 n.22 (D.D.C. 1984), aff'd (on the merits) 847 F.2d 779 (Fed. Cir.), cert. denied, 488 U.S. 925 (1988); see I.K. Frazer v. United States, 288 F.3d 1347 (Fed. Cir. 2002).

Assuming, for the sake of argument, that the six year statute of limitations contained in 28 U.S.C. § 2501 could be tolled, the burden is upon plaintiff to demonstrate either that defendant has concealed its acts with the result that plaintiff was unaware of their existence, or it must show that its injury was 'inherently unknowable' at the accrual date." Japanese War Notes Claimants Association, 178 Ct. Cl. 630, 634 cert denied, 390 U.S. 975 (1968). "Defendant is not required to wait until plaintiff has started substantiating his claims by the discovery of evidence. Once plaintiff is on inquiry that he has a potential claim, the statute can start to run." Id.

In this case, plaintiff cannot establish that the Air Force concealed acts that rendered him unaware of his potential claim merely based upon his contention that he was unaware until 2000 of the extent of the Air Force's use of GPS in performing base mapping. First, in order to succeed on a claim of fraudulent concealment, plaintiff would have to produce evidence indicating that the Air Force actively had concealed its wrongdoing; a mere failure to reveal facts is insufficient. Simmons Oil Corp. v. Tesoro Petroleum Corp., 86 F.3d 1138, 1142 (Fed. Cir. 1996).

Plaintiff proffers no evidence indicative of fraudulent concealment other than his reference to information contained in the July 1998 denial letter. Pl. Br. 3-4. In this letter, the Air Force admits that seven of eight installations who conducted mapping during the suggestion evaluation time utilized GPS in whole or in part to establish ground control points. Thus, rather than concealing the use of GPS to perform mapping, the Air Force concedes that this method was used in a high proportion of cases.

More importantly, in this letter and in the Air Force's initial evaluation of plaintiff's suggestion dated September 28, 1995, the Air Force makes clear that the value of plaintiff's suggestion was not based upon the idea of using GPS for base mapping. The initial evaluator noted that GPS was available to installations as a method for performing base mapping, along with aerial surveying, and that bases were not restricted from utilizing this method. Def. App. 8. Because GPS was one of two methods of surveying already known and available to bases for mapping purposes, the evaluator indicated that the value of plaintiff's suggestion lay not its identification of GPS as a method for performing base mapping but, rather, in its function as a stimulus for preparation by the Air Force of a standardized Statement of Work (SOW) for optional use in contracts by those bases choosing to contract for GPS services. Id.

The July 22, 1998 letter confirms this understanding of the value of plaintiff's suggestion. In it, the Air Force notes that it has extensively investigated and found no instance in which the Statement of Work clause drafted as a result of plaintiff's suggestion actually had any impact upon the survey method chosen for base mapping at any of the installations. As a result, the Air Force concludes that there have been no further intangible or tangible benefits from adoption of plaintiff's suggestion.

Thus, in 1995, plaintiff was put on notice that his suggestion for using GPS to perform base mapping was not going to be evaluated based upon the extent to which GPS was used in the Air Force to perform base mapping but, rather, the extent to which the availability of an optional SOW for use in contracting for GPS base mapping resulted in benefits to the Air Force. Plaintiff apparently disagrees with the basis upon which the Air Force evaluated his suggestion. He believes that his suggestion should be evaluated based upon the extent to which GPS is used to perform base mapping and considers his observation of that use to be evidence of the greater value of his suggestion. Because this was not the basis for the Air Force's evaluation and because plaintiff was aware that this was not the basis for the Air Force's evaluation as early as 1995, plaintiff's allegedly newly acquired knowledge does not provide a basis upon which to toll the statute of limitations in this case.

III. Plaintiff's Ignorance Of His Legal Rights Does Not Toll The Statute of Limitations

Finally, plaintiff claim that he initially was unaware of his right to challenge his award in this Court. He complains that none of the letters from the Air Force to him advised him of his further rights and that this is not a matter than reasonably would be within the knowledge of the typical person submitting a suggestion. He claims to have made reasonable efforts at filing suit once he became aware that a law suit could be initiated.

Plaintiff's claim that he was unaware initially of his right to file suit in this Court is unavailing as a matter of law. It is well-established that ignorance of one's rights is not enough to toll the statute of limitations. Dion v. United States, 137 Ct. Cl. 166, 167, 1956 WL 8304 (1956). Here, plaintiff had until September, 2001 to file his claim, however, he did not file suit in this Court until 2003.

Plaintiff's claim that he was ignorant of his legal rights is also lacking in merit as a matter of fact. First, by his own admission, plaintiff became aware that his suggestion could be the basis for a lawsuit in June, 1999. This was two years prior to the running of the statute of limitations. Pl. Dec. 2. Although plaintiff asserts that there were no attorneys available to assist him in Japan, where he was then located, he does not indicate that he made any effort while he was in Japan to contact an attorney in the United States by mail, telephone, or other means despite the fact that, during this same time, plaintiff successfully hired a private consultant to investigate the value of the suggestion he had made.

Moreover, despite plaintiff's assertion that he was ignorant of his right to bring legal action prior to 1999, he had threatened such action as early as 1997 when he wrote to Congressman Lamar Smith complaining about the Air Force's response to his suggestion. In that letter, he concludes by demanding a detailed explanation of the Air Force's decision criteria and states, "If this can not be achieved through these channels, I am prepared to seek legal counsel and bring suit against the Air Force." Def. App. 31.

As the foregoing makes clear, plaintiff simply failed to take in a timely manner the steps necessary to protect his legal rights. As a result, his claim is barred by the statute of limitations.

<u>Conclusion</u>

For the foregoing reasons, we respectfully request that the Court grant defendant's motion and dismiss the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Todd M. Hughes
Assistant Director

/s/ Hillary A. Stern
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

July 27, 2004

CERTIFICATE OF FILING AND CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2004, a copy of "DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.